**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

Courtroom Deputy:  Deborah Hansen
Court Reporter:    Tammy Hoffschildt
Probation: Michelle Means

Date:  August 14, 2015

**CASE NO.  15-cr-00033-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA, | Kurt Bohn |
| Plaintiff, | |
| v. | |
| 1.  KENT WILLIAM ALAN BAMESBERGER, | Mark Rubinstein |
| Defendant. | |

**COURTROOM MINUTES**

**SENTENCING HEARING**

**COURT IN SESSION:**     01:00 p.m.

Appearances of counsel.  Defendant is present and in custody.

Defendant entered his pleas on April 24, 2015 to Counts One and Two of the Indictment.

The Court formally accepts the Plea Agreement at this hearing.

Court's comments

The defendant pled guilty to two counts, Count One and Two of the Indictment.  At the time the Court took the change of pleas, the Court became concerned as to whether there should properly be two counts of conviction or one.  The parties were directed to brief this issue.  No briefs were filed.

Argument/Discussion

The Court enters findings and conclusions on the record.

**ORDERED:  The conviction with respect to Count 2 is VACATED.**

The sentencing hearing will go forward solely with respect to Count 1.

The Government objects to the Court vacating the conviction on Count 2.

**ORDERED:  The oral objection by the Government is OVERRULED.**

**ORDERED:  The United States' Motion for Downward Departure [35] is GRANTED.**

**ORDERED:  The Government's Motion to Grant the Defendant An Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b) [34] is GRANTED.**

Sentencing statement by Mr. Barrett

Sentencing statement by Mr. Rubinstein

Defendant's Allocution

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Kent William Allen Bamesberger, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **40** months on **Count One**.

The Court recommends that the Bureau of Prisons place the defendant at an appropriate security-level facility in Colorado and that the defendant be placed in Florence rather than Englewood.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three years as to Count One**.

**ORDERED:  Mandatory Conditions** of Supervised Release that:
  (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released.
  (**X**)   Defendant shall not commit another federal, state or local crime.
  (**X**)   Defendant shall not illegally possess controlled substances.

(**X**)    Defendant shall not possess a firearm, ammunition, or destructive device.
(**X**)    Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
(**X**)    Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
(**X**)    Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED:   Special Conditions** of Supervised Release that:

(1)    Defendant shall participate in and successfully complete a program of testing and treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. Defendant will be required to pay the cost of treatment as directed by the probation officer.

(2)    Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.

(3)    The defendant shall remain medication compliant and shall take all medications that are precribed by his treating psychiatrist.  He shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medication is maintained.

(4)    The defendant shall reside in a residential reentry center for a period of three months, to commence immediately upon his release from custody, and shall observe the rules of that facility.

(5)    The defendant shall submit his person, property, house, residence, papers, or office, to a search conducted by the United States Probation Officer. Failure to submit to search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of that violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**ORDERED:**  Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

Defendant advised of right to appeal.

**ORDERED:**  Any notice of appeal must be filed within 14 days.

**ORDERED:**  Defendant is REMANDED to the custody of the U.S. Marshal.

**Court in recess:**     02:13 p.m.
Hearing concluded.
Total time:              one hour and 13 minutes